D. Maimon Kirschenbaum
Denise Schulman
Charles Joseph
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
233 Broadway
5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff, proposed FLSA
Collective Plaintiffs, and proposed Class*



------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ARIE OHAYON on behalf of himself and         INDEX NO.
others similarly situated,

              Plaintiff,                    COMPLAINT

       v.                                 FLSA COLLECTIVE ACTION AND
                                              RULE 23 CLASS ACTION
THE DINEX GROUP, LLC & DANIEL
BOULUD,                                       DEMAND FOR JURY TRIAL

             Defendants.

------------------------------------------------------------x

    1.    Plaintiff, on behalf of himself and all others similarly situated, allege as follows:

## JURISDICTION AND VENUE

    2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law

claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. Defendant The Dinex Group LLC is a New York corporation. Defendant The Dinex Group LLC operates several high-end restaurants, including Café Boulud, Bar Boulud/Bar Pleiades, Daniel, and DB Bistro.

5. Upon information and belief, The Dinex Group LLC has an annual gross volume of sales in excess of $500,000.

6. Defendant Daniel Boulud is an owner and operator of The Dinex Group LLC Restaurant.

7. Defendant Daniel Boulud exercises control over the restaurant's day to day operations.

8. Upon information and belief, Defendant Daniel Boulud is an employer of Plaintiff and those similarly situated under the FLSA and New York Labor Law.

9. All Defendants are hereinafter collectively referred to as "Defendants."

10. Plaintiff Arie Ohayon was employed by Defendants as a bartender at Café Boulud/Bar Pleiades within the relevant limitations periods.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants at any New York location in any tipped position on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one-and-one-half times this rate for work in excess of forty (40) hours per workweek, and allowing non-tipped employees to share in their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiff brings the Third, Fourth, Fifth, and Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at any New York location in any tipped position on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

16. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

17. Plaintiff's' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation, and illegal retention of tips. Defendants'

corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of

inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

    b) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiff and the Class members for their work.

    c) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Plaintiff and the Class members at

all.

d) Whether Defendants paid Plaintiff and the Class members the federal and state minimum wage for all hours worked.

e) Whether Defendants properly compensated Plaintiff and Class members for overtime.

f) Whether Defendants paid employees New York's "spread of hours" premium when their workdays exceeded 10 hours.

g) Whether Defendants illegally retained portions of Plaintiff's tips and the Class members' tips.

h) Whether Defendants illegally distributed Plaintiff's and the Class members' tips to Defendants' agents and/or non-service employees.

## FACTS

### Class/Collective Allegations

22. Plaintiff's consent to sue form is attached hereto as Exhibit A.

23. Defendants committed the following alleged acts knowingly, intentionally and willfully.

24. Defendants knew that the nonpayment of minimum wage, nonpayment of overtime, and illegal deductions from the compensation of Plaintiff, the FLSA Collective Plaintiffs, and members of the Class would economically injure them and violated federal and state laws.

25. Plaintiff, the FLSA Collective Plaintiffs, and members of the Class often worked in excess of forty hours per workweek.

26. Defendants unlawfully failed to pay the Plaintiff, the FLSA Collective Plaintiffs, and members of the Class the Federal and State minimum wages for all hours worked, including overtime.

27. Defendants unlawfully failed to pay the Plaintiff, the FLSA Collective Plaintiffs, and members of the Class one-and-one-half times the New York State and Federal minimum wages for hours that they worked in excess of 40 per workweek.

28. Defendants charged patrons mandatory gratuities/service charges for private events. Defendants distributed some of these charges to Plaintiff and FLSA Collective Plaintiffs. However, the overtime rate under which Defendants paid Plaintiff and the FLSA Collective Plaintiffs did not take into account these payments, which are to be included in the regular rate under the FLSA.

29. Defendants paid Plaintiff, FLSA Collective Plaintiffs, and members of the Class pursuant to the "tip credit" minimum wages, which are less than the FLSA and NYLL minimum wages.

30. However, Defendants were not entitled to any tip credits under the FLSA or NYLL, because they illegally retained portions of Plaintiff's, FLSA Collective Plaintiffs', and Class Members' tips.

31. Defendants retained and/or misappropriated to non-service employees portions of the Plaintiff's, FLSA Collective Plaintiffs, and Class members' tips.

32. Plaintiff's and the Class Members' workdays often lasted longer than 10 hours.

33. Defendants did not pay Plaintiff and other Class Members New York's "spread of hours" premium when their workdays lasted longer than 10 hours.

## Individual Allegations

34. In January 2011, Plaintiff complained in writing to management regarding Maura McGuian's violations of New York State Health Department Regulations.

35. Specifically, Plaintiff complained that Ms. McGuian handled ice with her bare hands, posing a health risk to Café Boulud's customers.

36. In addition, Plaintiff complained to management that Ms McGuian placed bar tools and utensils in clean ice bins, again a posing health risk to Café Boulud's customers.

37. Café Boulud wasted no time in retaliating against Mr. Ohayon. Shortly after Mr. Ohayon submitted these complaints to management, he was terminated.

### FIRST CLAIM FOR RELIEF
(FLSA Claims, 29 U.S.C. § 201, *et seq.*,
Brought by Plaintiff on Behalf of
Himself and the FLSA Collective Plaintiffs)

38. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

39. At all relevant times, Defendants have been, and continuesto be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

40. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

41. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.* Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)

42. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

43. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

44. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at one-and-one-half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

45. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates, one-and-one-half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

Case 1:11-cv-00732-BSJ   Document 1   Filed 02/02/11   Page 11 of 17

46. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(New York State Minimum Wage Act, New York Labor Law § 650 *et seq.*
Brought by Plaintiffs on Behalf of Himself and the Class)

47. Plaintiff, on behalf of himself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

48. Defendants knowingly paid the Plaintiff and members of the Class less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

49. Defendants did not pay Plaintiff and members of the Class the minimum wage for all hours worked.

50. Defendants' failure to pay Plaintiff and members the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

51. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
(New York Overtime Violations)
(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. Tit. 12, § 137-1.3
Brought by Plaintiff on Behalf of Himself and the Class)

11

52. Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

53. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

54. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class at the required overtime rates, one-and-one-half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

55. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FIFTH CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities,**
**N.Y. Lab. L. §§ 193, 196-d and 198-b**
**Brought by Plaintiff on Behalf of**
**Himself and the Class)**

56. Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

57. Defendants retained and continue to retain portions of Plaintiff's tips and Class members' tips.

58. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## SIXTH CLAIM FOR RELIEF
(New York Spread of Hours Provisions,
N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7
Brought by Plaintiff on Behalf of
Himself and the Class)

59. Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

60. Plaintiff and the Class members regularly had workdays that lasted more than ten (10) hours.

61. Defendants willfully and intentionally failed to compensate Plaintiff and Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

62. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## SEVENTH CLAIM FOR RELIEF
## NYLL- RETALIATION
(Brought by Plaintiff on Behalf of Himself)

63. Plaintiff incorporates by reference each allegation of each preceding paragraph.

64. In violation of New York Labor Law § 740, Defendants intentionally retaliated against Plaintiff for complaining about health and safety violations.

65. As a result of Defendants' retaliation, Plaintiff is entitled to monetary damage, including backpay and frontpay, compensatory damages, including emotional distress damages, attorneys' fees and costs, and pre-judgment interest..

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23;

D. Designation of Plaintiff as Representative of the Class;

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-Judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York
       February 2, 2011

Respectfully submitted,

JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP

By: /s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum
Denise Schulman
Charles Joseph
233 Broadway
5th Floor
New York, NY 10279
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

# Exhibit A

Exhibit A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **THE DINEX GROUP LLC & DANIEL BOULUD,** and/or related individuals/entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

LEON AME OHAYON
Full Legal Name (Print)

_____
Signature

02/02/11
Date